

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable C. C. Benton
County Auditor
Montague County
Montague, Texas

Dear Sir:

Opinion No. O-6422
Re: Authority of Commissioners'
Court to borrow money other
than by issuance of Bonds.

Your letter of February 14, 1945, requesting an opinion of this Department reads as follows:

"Please let me have your written opinion as to whether or not a County, after it had selected a County Depository in the manner required by law, can then borrow money from banks and individuals other than the depositary bank when the Depository Bank protests such action on the part of the Court.

"The situation which gave rise to this inquiry is as follows: The Commissioner's Court of Montague County selected a County Depository in the manner required by law, and after it was selected it insisted that since it had been selected on the basis of competitive bidding it is entitled to have all loans negotiated through it. One or two of the Commissioners want to borrow money from banks and individuals in their respective Precincts and not from the County Depository bank which is not in their precinct, to which action the depository bank protests."

Our courts have uniformly held that counties, being component parts of the State, have no powers or duties except those which are clearly set forth and defined in the Constitution

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. C. Benton, Page 2

and statutes and that the statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the Commissioners' Courts, the Medium through which the different counties act, and from these statutes must come all the authority vested in counties. It is further the established law of this State that Commissioners' Courts are courts of limited jurisdiction, in that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State. (11 Tex. Jur., Sec. 36, 37, pp. 563-565, and the authorities there cited)

We have been unable to find any Constitutional or statutory provision which directly or impliedly authorizes a Commissioners' Court to borrow money for the county from its depository or from any bank, person, firm, corporation, or association whatever, other than by the issuance and sale of bonds in accordance with constitutional and statutory requirements.

Hoping that what we have said satisfactorily answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WK:fb


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN